DECISION
Defendant-appellant, Edward Jackson, appeals from a judgment of the Franklin County Court of Common Pleas denying defendant's "Nunc Pro Tunc Motion for Sentence Modification." Defendant assigns a single error:
 WHETHER THE APPELLANT WAS DEPRIVED OF HIS 14TH AMENDMENT RIGHT TO DUE PROCESS WHEN THE COURT OF COMMON PLEAS ABUSED IT'S [sic] DISCRETION IN DENYING HIS NUNC PRO TUNC MOTION FOR SENTENCE MODIFICATION.
Because the trial court properly denied the motion, we affirm.
As outlined in this court's opinion in State v. Jackson (June 30, 1998), Franklin App. No. 97APA12-1660, unreported, defendant was charged on September 28, 1988 with multiple counts of kidnapping, rape, gross sexual imposition, as well as single counts of attempted rape, felonious assault, and having a weapon while under disability. Each count charged defendant with a firearm specification and a prior offense-of-violence specification.
Defendant ultimately was found guilty on three counts of kidnapping, two counts of rape, one count of attempted rape, one count of gross sexual imposition, and one count of having a weapon while under disability, as well as all the specifications. Defendant appealed to this court, and we affirmed the trial court in large part, reversing only on sentencing errors affecting the firearm specifications and the one count of attempted rape. State v. Jackson (Aug. 23, 1990), Franklin App. No. 89AP-1015, unreported. On January 23, 1991, the Ohio Supreme Court declined jurisdiction over defendant's discretionary appeal. State v. Jackson (1991), 57 Ohio St.3d 709.
In an amended entry filed October 9, 1990, the trial court re-sentenced defendant, resulting in the imposition of three three-year terms of actual incarceration for the firearm specifications, instead of the five three-year terms originally imposed.
On June 17, 1992, defendant filed a motion for delayed reconsideration of his appeal, contending appellate counsel had been ineffective in failing to raise a claim of ineffective assistance of trial counsel. In a November 17, 1992 memorandum decision, this court denied the motion for delayed reconsideration. State v. Jackson (Nov. 17, 1992), Franklin App. No. 89AP-1015, unreported. Defendant again appealed to the Supreme Court and it again declined jurisdiction. State v. Jackson (1993),66 Ohio St.3d 1455.
Defendant returned to the trial court on August 29, 1995, filing a Nunc Pro Tunc motion for sentence modification; he contended the allied offenses statute should be invoked and the trial court should reconsider its sentencing. On September 23, 1996, defendant filed motions for expert assistance of a psychiatrist and for the appointment of counsel, as well as a petition for post-conviction relief. By entry filed December 30, 1996, the trial court, without an evidentiary hearing, dismissed the petition for post-conviction relief, denied the motions for expert assistance and for appointment of counsel, and denied the earlier Nunc Pro Tunc motion. On appeal, we affirmed the trial court's denial of post-conviction relief. Jackson, supra, Franklin App. No. 97APA12-1660. Defendant again appealed to the Ohio Supreme Court, and it again declined jurisdiction. State v. Jackson (1998), 83 Ohio St.3d 1473.
Defendant returned to the trial court and filed another Nunc Pro Tunc motion for sentence modification, contending the three-year prison terms for his firearm specifications were unconstitutional. By decision filed March 22, 2001, the trial court denied defendant's motion. Defendant has timely appealed, asserting the trial court improperly denied his motion for sentence modification.
Preliminarily, defendant improperly urged the trial court to employ a nunc pro tunc order in modifying his prior sentence. "A nunc pro tunc order may be issued by a trial court as an exercise of its inherent power to make its record speak the truth. *** The common law rule giving courts the power to enter nunc pro tunc orders has been codified by Civ.R. 60(A)." State v. Nelms (July 10, 2001), Franklin App. No. 00AP-1465, unreported. (Citations omitted.) Civ.R. 60(A) provides in part:
 Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders.
The trial court properly refused to view defendant's motion as a request for a nunc pro tunc modification of defendant's sentence. Defendant did not seek to correct an oversight or omission, but rather asserted that the three-year prison terms imposed on the firearm specifications were unconstitutional because defendant had only a blank gun. Accordingly, to the extent defendant posed his request for sentence modification to the trial court as a nunc pro tunc matter, the trial court correctly denied defendant's motion.
"Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C.2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. Because defendant is contending his sentence is unconstitutional, his motion more accurately may be characterized as a petition for post-conviction relief.
Under former R.C. 2953.21, defendant could file a petition for post-conviction relief at any time after his conviction. Nelms, supra. R.C. 2953.21, however, was amended, and the uncodified law at Section 3 of Am.Sub.S.B. No. 4 provides:
 A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act or to an adjudication as a delinquent child and order of disposition issued prior to the effective date of this act shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
We need not reach the doctrine of res judicata that is implicated from defendant's having filed a previous petition for post- conviction relief. Rather, defendant's motion fails because the present petition is untimely under R.C. 2953.21: defendant did not file within one hundred eighty days after the transcript was filed in the court of appeals in his direct appeal as required under R.C. 2953.21(A)(2), nor did he file within one year from the effective date of the amended statute, September 21, 1995.
When a petition for post-conviction relief is filed outside the time parameters specified in the statute, the trial court lacks jurisdiction to determine a petition unless the exceptions in the statute apply. Nelms, supra. Here, the record does not disclose that any of the exceptions apply. Because the trial court lacked jurisdiction to consider defendant's untimely petition for post-conviction relief, the trial court properly refused to grant the relief defendant requested.
For the foregoing reasons, defendant's single assignment of error is overruled and the judgment of the trial court is affirmed.
BOWMAN and PETREE, JJ., concur.